FIRST AMERICAN NATURAL FERNS COMPANY, INC., Plaintiff, *v.* WILLIAM J. PICARD, Chairman of the Board of Standards and Appeals of the New York State Department of Labor, and FRIEDA S. MILLER, Industrial Commissioner, Defendants.

Supreme Court, Special Term, Albany County, November 5, 1940.

*Berger & Levison* [*Murray Edward Levison* of counsel], for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Edward J. Gretchen, Assistant Attorney-General,* of counsel], for the defendants.

MURRAY, J. The Industrial Commissioner of the State of New York, pursuant to article 13 of the Labor Law (added by Laws of 1935, chap. 182), on or about the 10th day of March, 1938, issued Industrial Homework Order No. 3, effective May 2, 1938. This order unquestionably dealt solely with the employment of " women and minors " in industrial homework. Thereafter, on or about the 30th day of October, 1939, a revised Order No. 3 was issued by the Industrial Commissioner. This order broadened the field of possible restriction of such industrial homework by the deletion of the words " women " and " she," as set forth in the original order and the

substitution of the word " persons " in their place, and the further addition of the words " he or " before " she." A petition was then filed by the plaintiff corporation together with nine other manufacturers with the Board of Standards and Appeals of the New York State Department of Labor to review the reasonableness and validity of the revised Order No. 3; in particular, reference to the deletion and substitution of the descriptive words as to the class of persons to be affected by such order. The Board, after a hearing, by resolution decided that " Industrial Homework Order No. 3 promulgated on October 30, 1939, is in all respects valid and reasonable."

The plaintiff corporation, pursuant to procedure set forth in section 111 of the Labor Law, duly served a summons and complaint upon the defendants, and the defendants have filed an answer to said complaint, and now move for an order dismissing the complaint on the ground that said complaint does not state facts sufficient to constitute a cause of action. This statutory procedure is in the nature of a review of the determination of the Board of Standards and Appeals, and effects the same result as a review under article 78 of the Civil Practice Act. The parties have further stipulated that the court may consider such questions of law pertaining to the matter as may be necessary to a proper and full disposition of the entire proceeding.

It is the contention of the plaintiff corporation that the said revised Order No. 3, avowedly endeavoring to control, regulate or prohibit the employment of adult males in the artificial flower industry, is not within the administrative powers specifically delegated to the Industrial Commissioner by article 13 of the Labor Law, and not within and contrary to the legislative intent and purpose clause of section 350 of said article 13, and, further, it is the position of the plaintiff corporation that if the Legislature designed and intended article 13 to include adult males such legislation is violative of the property rights guaranteed by the State and Federal Constitutions, and an unwarranted and unjustified interference with these rights. However, the plaintiff corporation does not challenge but concedes the right of the Legislature to regulate industrial homework for women and minors.

The expressed fear that an administrative officer or body may enlarge upon specific powers delegated to it by the Legislature, and thus encroach upon the fundamental authority of legislative enactment vested solely in the Legislature, is a substantial one. Any apparent arbitrary exercise or unwarranted assumption of such legislative power must be and will be judicially curbed and the exercise of such power confined reasonably within the stated enactment of delegation prescribed by the Legislature.

This court, however, is unable to accept the construction of article 13 of the Labor Law that is urged by the plaintiff corporation. A complete reading of the entire article clearly shows a legislative purpose and intent to regulate and restrict and prohibit industrial homework, as to all classes of persons engaging in such occupations. It is true that in section 350 there are references solely to the welfare of " women and minors," but the basic expression of the article is a purpose to effect the gradual elimination of industrial homework. The evil obviously sought to be remedied by the enactment of the legislation would continue if the position of the plaintiff corporation were upheld.

Furthermore, there are many references throughout the article that substantiate the position of the defendants that the legislation was clearly intended to cover adult males together with " women and minors." Subdivision 2-f of section 350 describes generally any person engaged in industrial homework, stating: " ' Industrial homeworker ' means any person who manufactures in a home, in whole or in part, out of material furnished by an employer for industrial homework, any article or articles to be returned to such employer directly or indirectly."

This definition is unquestionably directed at the performance of certain acts without any regard to the age or sex of the person engaged in such acts. In section 351 there is contained a clause, " without unduly injuring the health and welfare of the industrial homeworker *himself*." Again, in subdivision 5 of section 354, it is stated, " No person shall do industrial homework, except in a home in which *he* resides, and unless *his* name is on a homeworker's certificate," etc. These exact words of description seem conclusive to the court as evidencing a clear purpose and intent of the Legislature to include adult male homeworkers within the restriction of the article.

The question presented herein is not in all respects similar to the question presented in *Dote* v. *Department of Labor* (173 Misc. 652), although the court, in its opinion, in a discussion of the exception covered by section 2 of the order dated March 2, 1938, used the words " *himself* " and " his or her presence." However, this court is in complete agreement with the statements contained in said opinion upholding the constitutionality of the legislation.

The legislation is aimed directly at the eradication of a social and economic evil, and with the idealistic motive of promoting the general welfare, and in the judgment of this court it is within the valid exercise of the police power. The statute is not discriminatory, arbitrary or absolutely prohibitive and contains reasonable exceptions that may be made if the Industrial Commissioner is satisfied

that conditions are not present that would endanger the health, happiness and economic security of the industrial homeworker in particular and the People of the State of New York in general.

Therefore, the determination of the Board of Standards and Appeals is affirmed, and the complaint dismissed.

Submit order.